IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAY JERCONIE BRASCOMB,        )
                              )
        Petitioner,            )
                              )
v.                            )    Civil Action No. 1:14cv1188-WKW
                              )                (WO)
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Ray Jerconie Brascomb ("Brascomb") is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I.  BACKGROUND**

On October 11, 2006, Brascomb pled guilty under a plea agreement to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At sentencing on September 13, 2007, upon finding Brascomb had three prior convictions for violent felonies, the district court sentenced Brascomb under the Armed Career Criminal Act ("ACCA")[1] to 130 months in prison.  Brascomb took no direct appeal.

The ACCA imposes a mandatory minimum sentence of 15 years in prison if a defendant convicted under § 922(g) has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another"  18 U.S.C. § 924(e)(1).  At Brascomb's sentencing, the district court found that Brascomb's two

---

[1] *See* 18 U.S.C. § 924(e)(1).

prior burglary convictions (a third-degree burglary conviction in Alabama under Ala. Code 1975 § 13A-7-7 and a burglary conviction in Georgia under O.C.G.A. § 16-7-1) and that his prior Alabama conviction for second-degree assault qualified as "violent felonies" under the ACCA.  The 130-month sentence imposed by the district court was below the ACCA's 180-month mandatory minimum, because the court granted the Government's motion for a downward departure under U.S.S.G. § 5K1.1 based on Brascomb's substantial assistance.

On August 16, 2013, Brascomb filed a *pro se* motion (Doc. No. 2) asking this court to review his sentence under the ACCA in light of the United States Supreme Court's June 20, 2013, decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013).  In *Descamps*, the Supreme Court held that, in determining whether a prior conviction under a criminal statute qualifies as a "violent felony" under the ACCA, a sentencing court may not apply a "modified categorical approach" – as adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and refined in *Shepard v. United States*, 544 U.S. 13 (2005) – to the elements of the criminal statute if that statute includes "non-divisible" elements that make it broader than the generic crime enumerated in the ACCA.  *Descamps*, 133 S.Ct. at 2283.  In view of this holding in *Descamps*, Brascomb asserted that this court erred when it found that his two prior burglary convictions (one in Alabama, one in Georgia) qualified as violent felonies under the ACCA because the burglary statutes under which he was convicted contained non-divisible elements broader than the crime of generic burglary.  (Doc. No. 2 at 1.)  He asked that this court reduce his sentence and appoint counsel in his

2

case. (*Id.*)

This court directed the Government to respond to Brascomb's motion. (Doc. No. 3.) On September 4, 2013, the Government filed a response stating that it did not object to review of Brascomb's case or to the appointment of counsel. (Doc. No. 4.) Subsequently, the Office of the Federal Defender gave notice of appearance as Brascomb's counsel and filed two briefs in support of his resentencing. (Doc. Nos. 5, 6, and 8.) On October 16, 2014, this court entered an order construing Brascomb's request for resentencing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and directing the parties to address whether *Descamps* applied retroactively to Brascomb's § 2255 motion and whether his motion was timely under 28 U.S.C. § 2255(f).[2] (Doc. No. 10.)

On November 17, 2014, Brascomb filed a response in which he argued that *Descamps* was retroactively applicable to his § 2255 motion; that his motion was therefore timely under 28 U.S.C. § 2255(f)(3);[3] and that he was entitled to be resentenced without application of the

---

[2] In an order entered on December 2, 2014, in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), this court advised Brascomb that the court's characterization of his request for resentencing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 rendered the motion and any subsequent § 2255 motion subject to the procedural limitations imposed upon § 2255 motions. (*See* Case No. 1:06cr235-WKW, Doc. No. 69.) Additionally in compliance with *Castro*, the court directed Brascomb to advise the court whether he wished to proceed under 28 U.S.C. § 2255 on the claims in his original pleading, amend his motion to assert additional claims under 28 U.S. § 2255, or withdraw his motion. (*Id.* at 1-2.) Brascomb subsequently notified the court that he intended to amend his motion to assert additional claims under 28 U.S.C. § 2255 and asked the court to set a filing date for his amended § 2255 motion. (*Id.*, Doc. No. 71.)

[3] Under 28 U.S.C. § 2255(f)(3), the one-year limitation period to file a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that
(continued...)

ACCA. (Doc. No. 16.) In its response, the Government argued that *Descamps* was not retroactively applicable to Brascomb's motion and that, consequently, his claim for relief was untimely under 28 U.S.C. § 2255(f) because his motion was filed well over a year after his conviction became final.[4] (Doc. No. 15 at 4-7.) However, the Government further stated that, under Department of Justice policy, if an inmate would not qualify as an armed career criminal because the predicate convictions used to establish his ACCA status were not violent felonies under *Descamps*, the Government expressly waived any timeliness argument under 28 U.S.C. § 2255(f). (Doc. No. 15 at 7 n.1.) The Government then argued that, even in light of its waiver of the timeliness argument and even excluding Brascomb's Alabama conviction for third-degree burglary from consideration as a violent felony under *Descamps*, Brascomb still qualified as an armed career criminal because his prior Alabama conviction for witness intimidation (which was not one of the three prior convictions relied on by the district court when it sentenced him under the ACCA) qualified as violent felony under the ACCA.[5] (*Id*. at 7-8.)

---

[3](...continued)
right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Ordinarily, the one-year limitation period to file a § 2255 motion runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

[4] Because Brascomb did not appeal the September 19, 2007, judgment of the district court, his conviction became final on October 1, 2007, when his opportunity to appeal expired.

[5] The Government conceded that, after *Descamps*, Brascomb's Alabama conviction for third-degree burglary did not qualify as a predicate violent felony under the ACCA. (Doc. No. 15 at 7-8.) However, the Government maintained that Branscomb's Georgia burglary conviction under
(continued...)

Brascomb file a reply to the Government's response, in which he argued that even if his prior Alabama conviction for witness intimidation qualified as a violent felony under the ACCA, both his Alabama conviction for third-degree burglary and his Georgia conviction for burglary under O.C.G.A. § 16-7-1 were, after *Descamps*, no longer viable predicate violent felonies under the ACCA,[6] and therefore he did not have the required number of prior convictions for violent felonies to sustain application of the ACCA in his case. (Doc. No. 20.)

On January 20, 2015, Brascomb filed an amended § 2255 motion summarizing his claims for relief and presenting additional supporting arguments. (Doc. No. 24.) In addition to arguing that his Alabama and Georgia burglary convictions did not qualify as violent felonies under the ACCA, Branscomb also argued that his Alabama convictions for second-degree assault and for witness intimidation could not be used as predicate convictions under the ACCA because the district court did not conduct a modified categorical analysis of those convictions at the time of his sentencing to determine whether they were qualifying violent felonies. (*Id*. at 20-23.)

This court directed the Government to file a response to Branscomb's amended § 2255

---

[5](...continued)
O.C.G.A. § 16-7-1, his Alabama conviction for second-degree assault, and his Alabama conviction for witness intimidation were all violent felonies, so that he was properly sentenced under the ACCA. ( *Id*.)

[6] Brascomb argued that his Georgia burglary conviction, like his Alabama burglary conviction, was under the same kind of "indivisible" statute considered in *Descamps*. (Doc. No. 20 at 2-3.)

motion, and the Government filed its response on March 20, 2015. (*See* Doc. Nos. 25 and 28.) In its response, with particular regard to Brascomb's argument that his Georgia burglary conviction under O.C.G.A. § 16-7-1 did not qualify as a violent felony under the ACCA, the Government asserted that the federal district courts in Georgia have held that O.C.G.A. § 16-7-1 contains divisible elements and does *not* fall afoul of *Descamps,* and that a modified categorical approach may therefore be used to determine if particular convictions under the statute qualify as violent felonies under the ACCA.[7]  *Doc. No. 28* at 1. However, the Government then stated:

> Petitioner's arguments that "[t]he district court improperly applied the ACCA without conducting a modified categorical analysis of Mr. Brascomb's conviction(s) [for] ... intimidating a witness," are well taken. Given petitioner's arguments made in the district court, extensive review of guidance from the Department of Justice, repeated efforts to acquire necessary documents and conversations with the office's Appellate Chief, the United States does not object to petitioner's request to be resentenced.

(Doc. No. 28 at 1-2.)

For the reasons that follow, the court finds that Brascomb's § 2255 motion should be granted.

## II. DISCUSSION

Brascomb contends that under *Descamps*, as followed by the Eleventh Circuit in *United States v Howard*, 742 F.3d 1334 (11th Cir. 2014), and *United States v. Jones*, 743 F.3d

---

[7] The Government cited *Crews v. United States*, 2015 WL 892373, *3-9, (S.D. Ga., Mar. 2, 2015); *Smith v. United States*, 2014 WL 6809915, *9-11, (S.D. Ga., Dec. 3, 2014); *Anderson v. United States*, 2014 WL 2875840, *11-15, (S.D. Ga., Jun. 24, 2014); and *Sagoes v. United States*, 2014 WL 1681596, *7-8 (N.D. Ga., Apr. 28, 2014).

826 (11th Cir. 2014), he is entitled to be resentenced without application of the ACCA. Although the Government argues that *Descamps* is not retroactively applicable to cases on collateral review and that, ordinarily, Brascomb's claim for relief would be untimely under 28 U.S.C. § 2255(f), the Government has expressly waived any timeliness argument in Brascomb's case. Further, although the Government initially argued that, even excluding use of Brascomb's Alabama conviction for third-degree burglary, Brascomb still had enough prior convictions for violent felonies (i.e., his Georgia conviction for burglary and his Alabama convictions for second-degree assault and for witness intimidation) to warrant application of the ACCA in his case, the Government has ultimately conceded that there is insufficient proof of Brascomb's having three qualifying prior convictions for violent felonies to justify his being sentenced as an armed career criminal under the ACCA.

    While it is unclear if the Government has conceded that Brascomb's Georgia conviction for burglary (like his Alabama burglary conviction) may not be used as a qualifying prior conviction under the ACCA, it is clear that the Government has abandoned its original argument that Brascomb's Alabama conviction for witness intimidation may be used as a qualifying violent felony to sentence him under the ACCA. Thus, the Government now contends that, at most, Brascomb's Georgia conviction for burglary and his Alabama conviction for second-degree assault may be used in Brascomb's case as predicate violent-felony convictions. As such, the Government concedes that Brascomb does not have enough prior convictions for violent felonies to warrant application of the ACCA in his case. Indeed,

the Government's final position is that it "does not object to petitioner's request to be resentenced." (Doc. No. 28 at 2.)

In light of the Government's express waiver of any timeliness argument under 28 U.S.C. § 2255(f),[8] its further concessions regarding Branscomb's prior convictions, and its statement that it does not object to Brascomb's request for resentenincg, this court concludes that Brascomb's § 2255 motion should be granted to the extent he challenges his sentence under the ACCA and that Brascomb should be resentenced without application of the ACCA.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Brascomb's motion to set aside, vacate, or correct sentence under 28 U.S.C. § 2255 be GRANTED and that Brascomb be resentenced without application of the ACCA and with the benefit of any applicable reduction.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 28, 2015.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

---

[8] The Eleventh Circuit has held that it is error for a district court to apply the time-bar in 28 U.S.C. § 2255(f) *sua sponte* where the Government has expressly waived the statute of limitations defense. *Rogers v. United States*, 569 Fed. App'x 819, 821 (11th Cir. 2014).

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of July, 2015.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE