IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY JERCONIE BRASCOMB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CASE NO. 1:14-CV-1188-WKW |
| ) | [WO] |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On July 14, 2015, the Magistrate Judge filed a Recommendation to which no objections have been filed. (Doc. # 29.) Upon an independent review of the file in this case and upon consideration of the Recommendation and the applicable law, the court finds that the Recommendation is due to be adopted to the extent that Petitioner's 28 U.S.C. § 2255 petition, as amended, will be granted and a resentencing hearing will be set.

### I. BACKGROUND

On September 13, 2007, Petitioner was sentenced based upon his guilty plea to a charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The sentencing court sentenced Petitioner under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based upon a finding that

Petitioner had three predicate convictions that qualified as violent felonies. Petitioner did not appeal his sentence.

Nearly six years later, on August 16, 2013, Petitioner initiated this action by filing a *pro se* motion for a sentence reduction, which was converted to a 28 U.S.C. § 2255 motion with Petitioner's consent.  He argues that, pursuant to the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), he no longer has three prior convictions that qualify as violent felonies. The Supreme Court in *Descamps* held that, when making a determination about whether a prior conviction under a criminal statute qualifies as a "violent felony" under the ACCA, a court cannot apply the "modified categorical approach" to the elements of a criminal statute if that statute includes "non-divisible" elements that make it broader than the generic crime enumerated in the ACCA.  *Id.* at 2283.

Petitioner did not file his § 2255 motion within one year of the date on which his conviction became final; hence, the § 2255 motion falls outside the one-year statute of limitations established by § 2255(f)(1).  Section 2255(f)(3) extends, however, the one-year statute of limitations to the date upon which the Supreme Court has recognized a new right, "if that right has been . . . made retroactively applicable to cases on collateral review."  § 2255(f)(3).  Relying on § 2255(f)(3), Petitioner contends that his § 2255 motion is timely because it was filed within one

2

year of the *Descamps* decision, which he asserts recognized a new right that applies retroactively to cases on collateral review.[1]

The Recommendation did not reach the issue of whether *Descamps* applies retroactively to cases on collateral review. Instead, it found that the Government had waived reliance on the statute of limitations imposed on Petitioner's motion by § 2255(f): "Although the Government argues that *Descamps* is not retroactively applicable to cases on collateral review and that, ordinarily, [Petitioner's] claim for relief would be untimely under 28 U.S.C. § 2255(f), the Government has expressly waived any timeliness argument in [Petitioner's] case." (Doc. # 29, at 7.) The

---

[1] Contrary to Petitioner's argument, the overwhelming majority of courts have concluded that *Descamps* does not rest on a right recognized and made retroactive by a Supreme Court decision so as invoke § 2255(f)(3). The Eleventh Circuit has concluded in two recent, albeit unpublished, decisions that *Descamps* does not apply retroactively because it does not state a new rule. *See King v. United States*, 610 F. App'x 825, 828 (11th Cir. 2015); *Abney v. Warden*, No. 15-10088, 2015 WL 4546193, at *4 (11th Cir. July 29, 2015). Every other circuit court that has considered the retroactivity of *Descamps* also has determined that *Descamps* does not announce a new rule and therefore does not apply retroactively on collateral review. *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*. *Descamps* did not impose a new obligation nor did it break new ground."); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (denying a motion for a successive petition because "[n]othing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review"); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (noting that the Supreme Court "has not made *Descamps* retroactive on collateral review"). Additionally, there are a number of district courts in this circuit that have decided that *Descamps* does not announce a new rule and, therefore, does not apply retroactively to cases on collateral review. *See Adams v. United States*, No. 14-00131, 2014 WL 4685522, at *1 (S.D. Ala. Sept. 19, 2014) (finding that "*Descamps* does not apply retroactively on collateral review" because it does not meet either of the *Teague* exceptions); *Blake v. United States*, No. 2:14-CV-253, 2015 WL 5081416, at *3 (M.D. Fla. Aug. 27, 2015) ("The Supreme Court has not declared its decision in the case to be retroactively applicable on collateral review. Moreover, the undersigned has found no cases in which *Descamps* was held to be retroactive on collateral review, although many cases have held to the contrary."); *United States v. Damayo*, No. 1:10-CR-190-1, 2015 WL 4092456, at *4 (N.D. Ga. July 6, 2015) (deciding that *Descamps* is "not retroactively applicable on collateral review").

3

Recommendation further finds that "the Government concedes that [Petitioner] does not have enough prior convictions for violent felonies to warrant application of the ACCA in his case." (Doc. # 29, at 7.) The Recommendation concludes that Petitioner's § 2255 motion should be granted and Petitioner resentenced "without application of the ACCA and with the benefit of any applicable reduction." (Doc. # 29, at 8.) This conclusion rests upon the Government's "express waiver of any timeliness argument" under § 2255(f), "its further concessions regarding [Petitioner's] prior convictions, and its statement that it does not object to [Petitioner's] request for resentencing." (Doc. # 29, at 8.)

## II. DISCUSSION

"[D]istrict courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). But "[a] court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012) (citing *Day*, 547 U.S. at 202). *Wood* establishes that a court is precluded from considering the timeliness of a habeas petition in the face of the government's waiver of the affirmative defense of the statute of limitations. In other words, the court abuses it discretion if it disregards the waiver and dismisses the petition as untimely. *See id.* at 1834; *see also Gay v. United States*, 816 F.2d

4

614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions.").

Moreover, in *Day*, the Supreme Court placed the statute-of-limitations defense in the same category as other affirmative defenses, including non-retroactivity, for purposes of recognizing that the defenses are non-jurisdictional. 547 U.S. at 205; *see also id.* at 208 (observing that the "statute of limitations is explicitly aligned with [non-retroactivity and] other defenses under the current version of Habeas Rule 5(b)"). Because *Day* procedurally aligned the affirmative defenses of non-retroactivity and the statute of limitations, one court has concluded that "*Day* stands for the proposition that a deliberate waiver of the defense of non-retroactivity is equally binding on this court." *United States v. Miller*, No. 6:13-7324, 2014 WL 4693689, at *6 (E.D. Ky. Aug. 28, 2014) (finding that the government's waiver of the defenses of statute of limitations and non-retroactivity were binding on the court); *see also United States v. Imm*, No. 2:03-CR-63, 2014 WL 6774072, at *2 (W.D. Pa. Dec. 1, 2014) (honoring the government's affirmative waiver of "any argument that *Descamps* is not retroactive" and "assum[ing] that *Descamps* recognized a new right that applies retroactively and that it restarted the limitations period, such that [the petitioner's] motion [was] timely under 28 U.S.C. § 2255(f)(3)"); *United States v. Morrison*, No. 1:08cr24-015, 2013 WL 3517333, at *2 n.3 (W.D. Va. July 11, 2013) (finding that

§ 2255(f)(3) did "not apply, in light of the government's waiver"); *but see United States v. Wilson*, No. 14-797, 2015 WL 4489926, at \*6 (W.D. Pa. July 23, 2015) (concluding that a government waiver of a defense that *Descamps* is not retroactive did not preclude the court from considering whether *Descamps* newly recognized a right). Based upon the interplay under § 2255(f)(3) between the statute of limitations and the issue of retroactivity, *Day* and *Wood* support the conclusion that a government's waiver of the limitations defense under § 2255(f)(3) removes, not only the issue of timeliness from the court's consideration, but also the issue of whether a Supreme Court's decision applies retroactively.[2]

*Wood* defined "waiver" as "the intentional relinquishment or abandonment of a known right." *Wood*, 132 S. Ct. at 1835 (citation and internal quotation marks omitted). The Supreme Court held that "the State's conduct . . . fit[ ] that description." *Id.* The State "was well aware of" the statute of limitations defense and believed the defense to be viable, but yet informed the district court twice that, although "not conceding" the issue, it "w[ould] not challenge" the timeliness of the petition. *Id.* at 1834 (internal quotation marks omitted). The Court found a waiver because, "[i]n short, the State knew it had an 'arguable' statute of limitations defense, yet it chose, in no uncertain terms to refrain from interposing a timeliness

---

[2] Whether the non-retroactivity defense is subject to waiver has not been clear in this circuit. *See, e.g.*, *Clisby v. Jones*, 960 F.2d 925, 929 n.6 (11th Cir. 1992) (declining to decide whether the state can waive *Teague* retroactivity, but noting that the issue is "much contested" (collecting cases)).

'challenge' to [the petitioner's] petition." *Id.* at 1835.  Although in *Wood* the government expressly indicated to the court that it would not argue that the petition was time barred, *Wood*'s definition of "waiver" does not require such an express statement as the only avenue to finding a waiver.[3]

The Government has made three representations and one omission that are pertinent to the issue of waiver.  First, on September 4, 2013, the Government indicated that, "[b]ased on the *Descamps* case and guidance issued to the U.S. Attorney's Office from the Department of Justice regarding the *Descamps* case, the government does not object to a review of the defendant's case . . . ."  (Doc. # 4, at 1.)  Second, however, more than a year later on November 17, 2014, the Government changed course.  Responding to the court's order to address whether *Descamps* applies retroactively to Petitioner's § 2255 motion and whether the § 2255 motion is timely, the Government represented that, "if a meritorious claim for relief under *Descamps* was made by [Petitioner]," then "the government would waive its right to assert a statute of limitation[s] defense."[4]  (Doc. # 15, at 7.)  But it

---

[3] *Wood* noted the distinction between a waived defense and a forfeited defense.  It explained that a waived defense "is one that a party has knowingly and intelligently relinquished" as compared to a forfeited defense, which "is one that a party has merely failed to preserve."  *Wood*, 132 S. Ct. at 1832.  The *Wood* decision was based on a waiver, not a forfeiture, of a defense.

[4] The Government noted that, "[p]ursuant to Department of Justice policy, if an inmate could not qualify as an armed career criminal because the predicate convictions used to establish that status were not violent felonies under *Descamps*, the government is to waive any timeliness argument under 28 U.S.C. § 2255(f)(1) and (3)."  (Doc. # 15, at 7); *see also Parker v. Walton*,

concluded, "after a review of [Petitioner's] case and prior convictions, . . . that [Petitioner] still qualifies as an armed career criminal," and, thus, the Government "assert[ed] the statute of limitations as a bar to [Petitioner's] claim for relief." (Doc. # 15, at 7.)  Third, on March 20, 2015, in response to Petitioner's amended § 2255 motion, the Government reverted back to its original position:  "Given petitioner's arguments made in the district court, extensive review of guidance from the Department of Justice, repeated efforts to acquire necessary documents and conversations with the office's Appellate Chief, the United States does not object to petitioner's request to be resentenced." (Doc. # 28, at 2 (internal footnote omitted).)  Fourth, as to the Government's omission, the Recommendation expressly provided a time period for interposing objections, but the Government did not file an objection to the Recommendation's findings that it had "expressly waived any timeliness argument under 28 U.S.C. § 2255(f)." (Doc. # 29, at 4, 8.)

Here, ironically, the Government's only express mention of the statute-of-limitations was in November 2014 in conjunction with its initial reliance on this affirmative defense.  Nonetheless, the court finds that the Government's subsequent conduct amounts to an abandonment of its reliance on the statute-of-limitations defense, including any reliance on an argument pertaining to the non-

---

No. 13-CV-1110, 2014 WL 1242401, at *2 (S.D. Ill. Mar. 26, 2014) (noting that the government, when ordered to address the retroactivity of *Descamps*, stated that the Department of Justice "has issued a nation-wide directive instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review").

retroactivity of *Descamps*, and otherwise satisfies *Wood*'s definition of a waiver. *Id.* Aware that the court wanted to know its position on the issues of the § 2255 motion's timeliness and *Descamps*' retroactivity, the Government affirmatively represented in March 2015 that it did not oppose the court's conducting a resentencing hearing. It necessarily follows that, by that point, with no objection from the Government for a merits determination, the Government no longer was relying upon the statute of limitations defense under § 2255(f) or a defense that *Descamps* is not retroactively applicable to Petitioner's § 2255 motion. The Government later confirmed its relinquishment of these defenses when it did not object to the Recommendation's findings of a waiver. On this record, it is reasonable to infer that the Government's failure to object to the Recommendation's findings represented a deliberate and tactical decision to forego timeliness and non-retroactivity defenses.

Based upon the Government's stated non-opposition to a resentencing hearing and its failure to file any objections to the Recommendation's findings, the court finds that the Government intentionally chose to relinquish reliance on § 2255(f)'s time barriers, including (f)(1) and (f)(3), and on a non-retroactivity defense. The court is obliged to honor that waiver.[5] Accordingly, given the Government's waiver, no finding is made with respect to the timeliness of the

---

[5] A clear and straightforward waiver would have simplified the analysis.

§ 2255 petition or the retroactivity of *Descamps*. Instead, the court will proceed as if the § 2255 motion is timely and as if *Descamps* applies retroactively to the calculation of Petitioner's sentence. As to the Recommendation's finding of the Government's waiver, the Recommendation is due to be adopted. The court reserves judgment, however, on the grounds for resentencing—in particular, whether Petitioner has three qualifying felonies under the ACCA—until the resentencing hearing itself.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The Recommendation of the Magistrate Judge (Doc. # 29) is ADOPTED to the extent that Petitioner's 28 U.S.C. § 2255 motion to set aside, vacate, or correct sentence, as amended, is GRANTED;

(2) Petitioner's resentencing will be set by a separate order in his criminal case; and

(3) Petitioner's motion for a ruling on the pending motions for resentencing (Doc. # 9) is DENIED as moot.

DONE this 18th day of November, 2015.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE